People v Forero (2025 NY Slip Op 01385)

People v Forero

2025 NY Slip Op 01385

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-05777
 (Ind. No. 73814/22)

[*1]The People of the State of New York, respondent,
v
Carlos Forero, appellant.

Patricia Pazner, New York, NY (Robert C. Langdon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Nancy Fitzpatrick Talcott of counsel; Brendan Ransom on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered June 9, 2023, convicting him of criminal mischief in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the mandatory surcharge and fees imposed at sentencing (see Penal Law § 60.35[1][a]) should be waived pursuant to CPL 420.35(2-a) is unpreserved for appellate review (see id. § 470.05[2]; People v Frazier, 211 AD3d 1033; People v Taylor, 209 AD3d 772, 773). In any event, the defendant's contention is without merit. CPL 420.35(2-a) authorizes a court, upon certain enumerated grounds (see id. § 420.35[2-a][a]-[c]), to waive the otherwise "mandatory" surcharge and fees imposed by statute (Penal Law § 60.35[a]; see generally People v Jones, 26 NY3d 730, 733-737), where an individual was "under the age of twenty-one at the time the offense was committed" (CPL 420.35[2-a]). Here, although it is undisputed that the defendant was under the age of 21 at the time the underlying offense was committed, the record does not also demonstrate that a waiver of the mandatory surcharge and fees was warranted under any of the grounds enumerated in the statute (see id. § 420.35[2-a][a]-[c]; People v Attah, 203 AD3d 1063, 1064). Under the circumstances, and in the absence of the People's consent, we decline to waive the surcharge and fees imposed at sentencing in the interest of justice (see People v Acevedo, 210 AD3d 1106, 1107; People v Attah, 203 AD3d at 1064).
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court